UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **CRYSTAL CARTER** | ) | |
| | ) | Case Number |
| **Plaintiff** | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| **CREDIT CONTROL, LLC** | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Crystal Carter, by and through the undersigned counsel, Robert R. Gillispie of The Gillispie Law Firm, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Crystal Carter, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District and, upon information and belief, maintains a registered office in the District.

### III.  PARTIES

4. Plaintiff, Crystal Carter, is an adult natural person residing at 2105 Edinboro Avenue, Lynchburg, VA 24502.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Credit Control, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Virginia with its principal place of business located at 245 E. Roselawn Avenue, Ste. 25-26, Maplewood, MN 55117.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. Plaintiff engaged the law firm of Persels & Associates, LLC to assist her in her debt settlement negotiations.

8. On or about September 19, 2008, with the help of Persels, Plaintiff settled with Arrow Financial Services, LLC on a debt allegedly owed on a HSBC account.  **See Exhibit "A" (confirmation letter) attached hereto.**

9. The original debt was for approximately $941.43 and Arrow Financial agreed to a settlement amount of $345.00

10. Payment was to be made in three installments of $115.00.

11. Plaintiff's first payment was due on or before September 30, 2008, the second on October 30, 2008 and the final payment on November 30, 2008.  **See Exhibit "B" (acceptance letter) attached hereto**.

12. On or about September 19, 2008, Persels, on behalf of the Plaintiff issued the first check in the amount of $115.00 to pay toward the above mentioned debt.  **See Exhibit "C" (cancelled check) attached hereto.**

13. The check was deposited by Arrow Financial and not returned to Persels or the Plaintiff.

14. On or about October 30, 2008, Persels sent the second check of $115.00 to Defendant.  **See Exhibit "D" (cancelled check) attached hereto.**

15. The check was deposited by Arrow Financial and not returned to Persels or the Plaintiff.

16. The final payment of $115.00 was issued and deposited by Arrow Financial.  **See Exhibit "E" (cancelled check) attached hereto.**

17. Plaintiff's account referenced above is paid in full.

18. On or around June 8, 2010, Defendant started collecting on this debt which was already paid in full.

19. Plaintiff has continuously informed Defendant that the debt has already been paid, but the calls continued.

20. Plaintiff was asked to send proof of the payment to Defendant.

21.     Plaintiff has forwarded copies of the cancelled check and the letter from Arrow Financial as requested, however Defendant has continued to call and request payment on this matter.

22.     The Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct, the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a debt.

23.     The Defendant knew or should have known that its actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring its actions and the actions of its agents within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting within the scope and course of their employment and under the direct supervision and control of Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I – FDCPA**

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Credit Control, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

            **Respectfully submitted,**

            **The Gillispie Law Firm, P.C.**

**Date: August 5, 2010**     **BY:** */s/ Robert R. Gillispie*
             Robert R. Gillispie, Esquire

            The Gillispie Law Firm, P.C.
            Post Office Box 6025
            Leesburg, VA 20178
            Phone: 571-252-7840
            Fax: 571-252-7843
            Attorney for Plaintiff